UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| ODOM CONSTRUCTION SYSTEMS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:18-cv-116-TAV-HBG |
| | ) | |
| FRAMECO, INC., | ) | |
| a/k/a FRAMECO FRAMING, INC., | ) | |
| a/k/a METAL FRAMING INDUSTRIES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the motion to dismiss filed by defendant FrameCo, Inc. [Doc. 7]. The parties have filed their respective memorandums in support, opposition, and reply [Docs. 8, 12, 14]. For the reasons explained below, defendant's motion will be denied.

## I.    Background

Joshua Mensinger, who is not a party to this action, began working for plaintiff Odom Construction Systems, LLC on January 4, 2016. The next day Mensinger signed a confidentiality agreement [Doc. 1-1, at 25], the terms of which established a continuing obligation for him to keep certain information confidential [*Id.*]. The relevant portions of the agreement concern financial information such as "reports including job cost reports or any information that reveal the financial status of the company" and development of a "panel and truss system that is confidential both in its development and implementation" [*Id.*].

Plaintiff employed Mensinger until he resigned in April 2017. Then he began to work for another company, Jobsite Steel Manufacturing, LLC,[1] who, along with plaintiff (and defendant), submitted a bid for the Regas Square Project in Knoxville, Tennessee [*Id.* at 26]. In August 2017, Mensinger left Jobsite Steel and began working for defendant FrameCo [*Id.*]. Shortly after Mensinger's departure, plaintiff learned that defendant was likely to win the bid for the Regas Square Project [*Id.* at 27]. Plaintiff alleges that Mensinger's misuse of its confidential information, while he was employed by defendant, caused it to lose its bid on the Regas Square project [*Id.*].

This case arises out of those events. As relevant here, plaintiff contends that defendant induced Mensinger to breach the confidentiality agreement, in order to help defendant secure its bid for the Regas Square Project [*Id.* at 26]. The six-count, amended complaint asserts various claims and theories of liability. Defendant has moved to dismiss: count six, a claim for procurement of breach of contract, on the basis that the confidentiality agreement was not a valid contract; and count four, which asserts respondeat superior, on the basis that this is not a standalone claim, but rather a theory of liability on which recovery can rest for other standalone claims [Doc. 7].

Both of defendant's arguments fail. Although defendant is correct that respondeat superior is not a standalone claim, the text and structure of plaintiff's so-called "claim" of respondeat superior is best understood as simply an alternative basis of liability for its

---

[1] Jobsite Steel is the plaintiff in a substantially similar case pending in this Court, which has been designated as related by Magistrate Judge H. Bruce Guyton [Doc. 6].

otherwise properly stated claims. And plaintiff has alleged facts that, taken as true, are sufficient to state a claim for procurement of breach of contract under Tennessee law.

## II. Legal Standard

Federal Rule of Civil Procedure 8(a) sets out a liberal pleading standard. To survive a motion to dismiss, a complaint needs only a "short and plain statement of the claim showing that the pleader is entitled to relief, 'in order to give [the opposing party] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds'" of his relief "requires more than labels and conclusions." *Id.* "[A] formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a Rule 12(b)(6) motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### III. Analysis

Defendant has moved to dismiss: count four, for liability based on respondeat superior, and count seven, for procurement of breach of contract [Doc. 7]. Each will be addressed in turn. Because none of defendant's arguments is meritorious, the motion will be denied.

#### A. Respondeat Superior

Plaintiff's "claim" of respondeat superior will not be dismissed, despite defendant's argument that respondeat superior is not an "actual cause of action upon which relief can be based" [Doc. 8]. Respondeat superior is a doctrine used to hold employers vicariously liable for the torts of their employees while acting within the scope of their employment. *See, e.g.*, *Willis v. Settle*, 162 S.W.3d 169, 182–83 (Tenn. Ct. App. 2004) (explaining law of respondeat superior in Tennessee). Although respondeat superior is not a standalone cause of action, plaintiffs often plead it separately to clarify the different theories of liability and recovery sought. *See Stewart v. Deutsch Bank Nat'l Trust Co.*, No. 3:08-CV-475, 2010 WL 4004670, at *9, ns. 2–3 (E.D. Tenn. Oct. 12, 2010). That is the case here, where the amended complaint states that "FrameCo . . . is liable for the action of Mensinger under the doctrine of respondeat superior," and incorporates by reference the other pleaded claims [Doc. 1-1, at 30, 31]. Based on the allegations in the complaint, plaintiffs are entitled to proceed on this theory of liability. Defendant's motion to dismiss on this basis is therefore denied.

4

### B.   Procurement of Breach of Contract

Plaintiff's claim for procurement of breach of contract will also not be dismissed. For this claim survive a 12(b)(6) motion, the plaintiff must allege sufficient facts in the complaint to show: (1) the existence of an enforceable contract; (2) the defendant must have knowledge of the existence of the contract; (3) there must have been an intention to induce its breach; (4) the defendant must have acted maliciously; (5) there must be breach of the contract; (6) the acts complained of must be the proximate cause of the breach of contract; and (7) there must have been damages resulting from the breach of contract. *See Bristol Preservation, LLC v. IGC-Bristol, LLC*, No. 2:16-CV-360, 2017 WL 2773663, at *6 (E.D. Tenn. June 26, 2017) (citing *Myers v. Pickering Firm, Inc.*, 959 S.W.2d 152, 158 (Tenn. Ct. App. 1997)).

Defendant's argument rests on the first element: it contends that this claim should be dismissed because plaintiff has not pleaded sufficient facts to establish the existence of an enforceable contract [Doc. 8, at 3–5].  But that is not so.  Contrary to defendant's argument, plaintiff's allegations are sufficient to show that there was consideration for the confidentiality agreement.  Plaintiff has alleged that Mensinger signed the confidentiality agreement during his second day on the job [Doc. 1, at 25].  From that allegation it is reasonable to infer that Mensinger's signing of the confidentiality agreement—which was essentially contemporaneous with the beginning of his employment—was a condition of his employment.  Under that view of the facts, which the posture of this case requires, classic quid pro quo consideration is present here:  Mensinger got a job, and plaintiff got

5

an assurance of confidentiality. For that reason, plaintiff's allegations are sufficient to clear the Rule 12(b)(6) hurdle, and therefore defendant's motion to dismiss on this ground will be denied.

**IV.     Conclusion**

For the reasons stated in this opinion, defendant's motion to dismiss [Doc. 7] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE