# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# KNOXVILLE DIVISION

| | |
|---|---|
| ODOM CONSTRUCTIONS SYSTEMS, LLC, | CASE NO.: 3:18-cv-00116 |
| Plaintiff, | JUDGE Varlan/Guyton |
| v. | |
| FRAMECO, INC., et al. Defendant. | |

## STIPULATED PROTECTIVE ORDER

1. **Scope.** All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. The Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Form and Timing of Designation.** A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the

CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ODER designation. Documents shall be so designated prior to the production or disclosure of the documents or, in the case of documents that were produced prior to the date the Court enters this Order, within ten (10) business days after the Court enters this Order. The designation does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3. **Documents that may be Designated CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER.** Any party may designate documents as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive, proprietary, or commercial information that is not publicly available.

4. **Documents that may be designated ATTORNEYS' EYES ONLY — SUBJECT TO PROTECTIVE ORDER.** Any party may designate documents as ATTORNEYS' EYES ONLY — SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that the documents contain information subject to protection by Paragraph 3 and that contains information that should be restricted to litigation counsel because of its highly sensitive trade secret and/or proprietary nature.

5. **Depositions.** Deposition testimony related to matters set forth in Paragraph 3 or Paragraph 4, herein, shall be deemed CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER if

designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as either CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER. Thereafter, the deposition transcripts and any of those portions so designated shall be protected, pending objection, under the terms of this Order. Any party may designate deposition testimony during the deposition or within ten (10) business days after receipt of the official transcript by notifying the court reporter and opposing counsel in writing of the portions so designated. The deposition testimony will not be disclosed to anyone other than the parties' counsel until the ten (10) business-day period has expired. Only the court reporter, acknowledging witness, and those other persons who are authorized by the terms of this Order to receive designated documents or information may be present at the deposition during any questioning concerning information that is designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER. The parties may agree to waive this restriction to any degree during a deposition provided such waiver is stated on the record.

6. **Protection of Confidential Material.**

(a) Documents designated CONFIDENTIAL— SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in Paragraph 6(b) and/or 6(c), herein, as applicable, for any purpose whatsoever other than to prepare for and to conduct discovery, motion practice, mediation, or trial in this action, including any appeal thereof.

(b) **Limited Third-Party Disclosures for documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.** The parties and counsel

3

for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in Subparagraphs (1)-(5), herein. Subject to these requirements, in addition to the Court and its employees, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER:

(1) **Counsel.** Counsel for all parties involved in this litigation, including any paralegals, clerks, or employees and agents of counsel who have responsibility for conducting discovery, background investigation, motion practice, mediation, and preparation of and/or for trial of this action or proceeding, including any appeal thereof;

(2) **Parties.** Parties and those employees of a party to this Order to whom disclosure is needed for purposes of litigation;

(3) **Court Reporters and Videographers.** Court reporters and videographers engaged for depositions.

(4) **Consultants, Investigators and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation of and/or trial of this action or proceeding, but only after such persons have completed the certification set forth in Attachment A, hereto, Acknowledgment of Understanding and Agreement to Be Bound; and

4

**(5) Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification set forth in Attachment A, hereto, Acknowledgment of Understanding and Agreement to Be Bound.

**(c) Limited Third-Party Disclosures for documents designated ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER.** The counsel for the parties shall not disclose or permit the disclosure of any ATTORNEYS' EYES ONLY — SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in Subparagraphs 6(b)(1), 6(b)(3) and 6(b)(5).

**(d) Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER and/or ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal with prejudice of the action, the entry of final judgment, and/or the conclusion of any appeals arising therefrom.

**(e) Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL — SUBJECT TO

PROTECTIVE ORDER" or ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases, or lists of documents provided these indices, electronic databases, or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

**(f)** **Inadvertent or Other Production.** If a party inadvertently produced any information or document or portion thereof that contains confidential information but fails to designate the document as CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER, the producing party may subsequently designate the document. If a producing party produces a confidential document or confidential information without the designation CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER, that the other party believes is confidential, the other party may designate as "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" the document produced by the producing party and notify the other party. That document shall be treated as confidential for all purposes in this case.

**7.** **Filing of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER Documents Under Seal.** Any party wishing to file confidential information with the Court must first move to have the information filed under seal in accordance with the procedure mandated by the local

rules, unless the party has an agreement with the party making the designation that the document may be filed without sealing.

8.      **Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party or nonparty with standing to object (hereafter "party"). In this event, counsel for the parties shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the disclosing party may thereafter seek resolution by the Court.  The burden of proving the confidentiality of the designated information remains with the party asserting such confidentiality.  If agreement is reached confirming or waiving the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement. Upon request, subject to the provisions of this Paragraph, the Court may schedule a status conference to resolve any disagreements. Failure to challenge or object to the designation of documents or testimony as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER does not constitute agreement by a non-designating party that such documents or testimony are protected from disclosure by statute or other law absent this Stipulated Protective Order, or that a document or testimony constitutes a trade secret or proprietary information, nor does it waive a non-designating party's right to later object to the designation and/or the application of this Stipulated Protective Order to the document or information.

9.      **Action by the Court.** Applications to the court for an order relating to any documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER shall be by letter to the Court requesting a status conference to resolve disagreements only after the moving party has engaged the other party in a good faith effort to resolve the matter without judicial intervention. Nothing in this Order nor any action nor agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

10.     **Use of Confidential Documents or Information at Trial.** All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. Pursuant to the Court's Scheduling Order and the Federal Rules of Civil Procedure, in advance of trial, each party shall identify the documents which they plan to introduce as exhibits at trial as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.). Any party who objects to another party's use or expected use at trial of documents designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, may file such objection with the Court and/or otherwise request from the Court an Order limiting the use of that document at trial. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

11.     **Obligations on Conclusion of Litigation.**

   (a)     **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

   (b)     **Return of CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE**

**ORDER Documents.** Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER under this Order, including copies as defined in Paragraph 6(e), provided to any individual or entity described in Paragraphs (6)(b)(l)-(5) and/or 6(c), shall be returned, upon request, to the producing party by counsel for the receiving party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain archival copies of all attorney work product, correspondence, expert reports, deposition and trial transcripts and exhibits, papers filed with the Court (including exhibits), and discovery responses (but not document production) exchanged during litigation. This Order shall survive the termination of this case, and any materials designated CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER included in a party's archival copies shall remain subject to the provisions of this Order. Counsel may use his or her work product in subsequent litigation provided that its use does not disclose or use materials designated CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER or any information contained in such documents.

**(c)** **Return of Documents Filed Under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

12. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed pursuant to Local Rule 7.1 and the presiding judge's standing orders or other governing orders.

13. **No Prior Judicial Determination.** This Order is entered based on the representation and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

14. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

**APPROVED FOR ENTRY:**

s/ *Walter N. Winchester*
Walter N. Winchester, BPR #014530
Joshua R. Holden, BPR #020791
E. Brian Sellers, BPR #011317
**WINCHESTER, SELLERS, FOSTER
  & STEEL, P.C.**
Suite 1000, First Tennessee Plaza
800 S. Gay Street
Knoxville, TN 37929
865.637.1980 (telephone)
wwinchester@wsfs-law.com

*Attorney for Plaintiff*

s/ *Dustin M. Dow*
Oliver Adams
**HODGES DOUGHTY & CARSON**
617 Main Street
P.O. Box 869
Knoxville, TN 37901-0869
865.292.2225 (telephone)
oadams@hdclaw.com

David Posner (OH 0042174) (*pro hac vice*)
Dustin M. Dow (OH 0089599) (*pro hac vice*)
**BAKER HOSTETLER LLP**
Key Tower
127 Public Square, Suite 2000
Cleveland, Ohio 44114
216.621.0200 (telephone)
216.696.0740 (fax)
dposner@bakerlaw.com
ddow@bakerlaw.com

*Attorneys for Defendant FrameCo, Inc.*

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION**

| | | |
|---|---|---|
| ODOM CONSTRUCTION SYSTEMS, LLC, | ) ) ) | CASE NO.: 3:18-cv-00116 |
| | ) | JUDGE Varlan/Guyton |
| Plaintiff, | ) ) | |
| v. | ) ) | **ACKNOWLEDGEMENT OF STIPULATED** |
| FRAMECO, INC., et al. | ) | **PROTECTIVE ORDER** |
| Defendant. | ) ) ) | |

The undersigned has been provided a copy of the Stipulated Protective Order ("Protective Order") entered in this case, is familiar with its terms, and agrees to be bound by the terms of the Protective Order. The undersigned also agrees to be subject to the jurisdiction of this Court for all purposes in connection with this Protective Order.

Print Name: _____

Date: _____

12